UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ronald Ruiz,

      Plaintiff,

v.                                                                                                Civil No. 06-881 (JNE/JJG)
                                                                                     ORDER

International Brotherhood of
Electrical Workers Local 292
Pension Plan,

      Defendant.

Ronald Ruiz claims that International Brotherhood of Electrical Workers Local 292 Pension Plan (Plan) breached a contract and that he is entitled to a money judgment.[1] Specifically, Ruiz alleges that the Plan failed to fully compensate him for early retirement. The matter is before the Court on the Plan's motion for summary judgment.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must look at the record and any inferences to be drawn from it in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The moving party "bears the initial responsibility of informing the district court of the basis for its motion," and must identify "those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies its burden, Rule 56(e) requires the nonmoving party to respond by submitting evidentiary

---

[1] Ruiz originally filed his complaint in state court. The Plan removed the action to this Court.

materials that designate "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The Plan is an employee pension benefit plan subject to the Employment Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001-1461 (2000). The Plan was established and is maintained pursuant to the terms of the Agreement and Declaration of Trust of the Electrical Workers Local No. 292 Pension Plan (2005 Restatement). The Plan documents set forth the benefits available to participants of the Plan. Ruiz was a participant of the Plan. On or about October 16, 2002, the Plan provided Ruiz with a Social Security Leveling Option Worksheet that mistakenly overstated the amount of benefits to which Ruiz was entitled under the Plan. Thereafter, Ruiz received several monthly payments in excess of the benefits to which he was entitled. After realizing its error, the Plan notified Ruiz and offset payments to recover the over-payment.

The Plan has submitted evidence that it miscalculated Ruiz's monthly payments and that it is now paying Ruiz the correct amount due to him under the terms of the Plan. Having failed to file any opposition to the Plan's motion for summary judgment, Ruiz has not submitted any evidentiary materials that designate specific facts showing that there is a genuine issue for trial. Specifically, Ruiz has not submitted any evidence of the alleged contract that is the subject of his claim or that Ruiz is entitled to higher monthly payments.

The Plan also argues that Ruiz's breach of contract claim is preempted by ERISA. Ruiz has not provided any argument or authority demonstrating otherwise. Because Ruiz's state-law claim for breach of contract, as it is stated in his complaint, is related to the Plan, the Court concludes that it is preempted by ERISA. *See Molasky v. Principal Mut. Life Ins.*, 149 F.3d 881, 888 (8th Cir. 1998); *Walker v. Nat'l City Bank of Minneapolis*, 18 F.3d 630, 634 (8th Cir. 1994).

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. The Plan's motion for summary judgment [Docket No. 13] is GRANTED.

2. This case is DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: December 18, 2006

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge